IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Patience A. Isaacs, | : | |
| | : | Case No. 1:15-cv-430 |
| *Plaintiff*, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Third-Party Defendants' |
| Prestige Packaging Co., *et al.*, | : | Motion to Dismiss Third-Party Plaintiff's |
| | : | Complaint, Denying Defendant's/Third- |
| *Defendants/Third-Party Plaintiffs*, | : | Party Plaintiff's Motion for Leave to File |
| | : | an Amended Third-Party Complaint, and |
| v. | : | Denying Plaintiff's Motion for Leave to |
| | : | File an Amended Complaint |
| CBS Personnel Services LLC, *et al.* | : | |
| | : | |
| *Third-Party Defendants*. | : | |

This matter is before the Court on Third-Party Defendants' Motion to Dismiss Third-Party Plaintiff's Complaint (Doc. 8), Defendant's/Third-Party Plaintiff's Motion for Leave to File an Amended Third-Party Complaint (Doc. 11), and Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 12). For the reasons that follow, Third-Party Defendants' Motion to Dismiss will be **GRANTED**, and both Motions for Leave to Amend will be **DENIED**.

I.  BACKGROUND

   A.  Facts[1]

This is an employment discrimination action arising from Plaintiff Patience A. Isaacs's employment as a laborer for Defendant and Third-Party Plaintiff Prestige Packaging Co. ("Prestige"). Plaintiff alleges that she was hired by Prestige through the staffing agency, Staffmark, on July 2, 2013. During her employment, Isaacs worked under the direction of various individuals, including Defendants Carlos Doe, Edwin Doe, and Andrew Doe. She

---

[1] The Court has drawn the background facts from Plaintiff Isaacs's Complaint (Doc. 1) unless otherwise indicated.

alleges she was sexually harassed and/or assaulted by the three Doe Defendants during her employment with Prestige. Isaacs complained to managers of Prestige, including by filing complaints with its Department of Human Resources, but Prestige did not investigate or resolve her complaints. On November 28, 2013, Prestige terminated Isaacs's employment.

### B. Procedural History

Isaacs filed the instant suit against Prestige and the three Doe Defendants on June 29, 2015, asserting five counts in her Complaint: (1) sex discrimination under Title VII and 42 U.S.C. § 1981; (2) sex discrimination under Ohio Rev. Code § 4112.02 and § 4112.99; (3) intentional infliction of emotional distress; (4) defamation of character – slander per se; and (5) negligent infliction of emotional distress. On August 31, 2015, Prestige filed an Answer and Third-Party Complaint against Third-Party Defendants, CBS Personnel Services, LLC, Staffmark, Staffmark Holdings Inc., and Staffmark Investment, LLC (collectively, "Staffmark") seeking indemnification and contribution. (Doc. 3.)

On October 30, 2015, Staffmark filed a Motion to Dismiss the Third-Party Complaint filed by Prestige (Doc. 8), to which both Isaacs and Prestige responded in opposition. (Docs. 9, 10.) On November 23, 2015, Prestige filed a Motion for Leave to File an Amended Third-Party Complaint to add a breach of contract claim and remove its claim for contribution. (Doc. 11.) On November 24, 2015, Isaacs filed a Motion for Leave to File an Amended Complaint seeking to add CBS Personnel Services, LLC, Staffmark, Staffmark Holdings Inc., and Staffmark Investment, LLC as Defendants. (Doc. 12.)

Staffmark filed a Reply in support of its Motion to Dismiss addressing Isaacs's response (Doc. 13), and a Reply in support of its Motion to Dismiss and in opposition to Prestige's Motion

for Leave to Amend.  (Doc. 14.)[2]  The pending Motion to Dismiss and both Motions for Leave to Amend are now ripe for the Court's ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true.  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts."  *Erie Cnty., Ohio v. Morton Salt, Inc*., 702 F.3d 860, 867 (6th Cir. 2012).

In ruling on a motion to dismiss, the Court may consider written instruments that are exhibits to a pleading, as those are considered part of the pleading for all purposes.  *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. May 6, 2015) (citing Fed. R. Civ. P. 10(c)).  A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Id*. (citing *Tellabs, Inc. v. Major Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).  "Moreover, a defendant may, in certain circumstances, introduce into the pleadings documents that the plaintiff does not."  *Id*.  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred

---

[2] Although Prestige filed a Notice that it did not oppose Isaacs's Motion for Leave (Doc. 15), it never filed a Reply in support of its own Motion for Leave.  Similarly, Isaacs never filed a Reply in support of its Motion for Leave.

to in the plaintiff's complaint and are central to her claim." *Id*. (citing *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997)).

## III. ANALYSIS

### A. Staffmark's Motion to Dismiss Prestige's Third-Party Complaint

In its Third-Party Complaint, Prestige seeks both indemnification and contribution from Staffmark for all losses, damages, fees, and expenses incurred in this litigation pursuant to a Temporary Labor Agreement ("TLA") entered into by Prestige and Staffmark on November 18, 2003.[3]  Staffmark moves to dismiss Prestige's Third-Party Complaint on the basis that the parties' TLA does not cover liability for any of Isaac's claims.[4]

The Court will turn first to the language of the parties' TLA.  Two sections are relevant: a provision asserting that each party is individually responsible for its own compliance with antidiscrimination laws and an indemnification clause.  As to the former, the parties agreed "that they shall be individually responsible for compliance with federal, state, and local anti-discrimination laws including, but not limited to, Title VII . . . and any other similar responsibilities of an employer as provided by applicable law."  (Doc. 3-1 at PageID 38.)  As to the latter, Staffmark agreed to indemnify Prestige under the following limited circumstances:

> The Provider[5] agrees to indemnify, defend, and hold the Company, or any of its affiliates, and its successors, officers, directors, members, agents and employees harmless from any and all actions, causes of action, claims, demands, cost(s), liabilities, expenses and damages (including attorney fees) caused by breach of this Agreement by the Provider.  In addition, the Provider agrees to assume the responsibility and liability assumed under this Agreement, and will affirmatively defend, pay, indemnify and hold harmless the Company, its respective members, officers, directors, and employees from and against any loss, cost(s), expense(s), liability or damage (including any attorney fee(s) and expenses) which the

---

[3] Prestige attached a copy of the TLA to its Third-Party Complaint.  (Doc. 3-1.)
[4] Alternatively, Staffmark argues that Prestige's claims for contribution and indemnification fail as a matter of law.
[5] Pursuant to the TLA, "Provider" is defined as "CBS Personnel Services, LLC," and "Company" is defined as "Prestige Display and Packaging, LLC."  (Doc. 4-1 at PageID 38.)

> Company incurs, whether said claim is meritorious, successful or not, that is caused by a negligent act or omission of the Provider, as assumed under this Agreement the Provider's employees (i.e. temporary workers) on the Company's premises. The Provider also will indemnify and hold Company harmless for a claim for Workers Compensation or Unemployment claim by any of Provider's employees.

(Doc 31-1 at PageID 41).

Prestige clearly ignores the parties' agreement that they are individually responsible for antidiscrimination law compliance and instead highlights the indemnification clause language as the basis for liability. Prestige argues that if it is held responsible for any of Isaacs's claims, then Staffmark necessarily breached its contractual responsibilities under the Agreement, including its responsibility to direct and control its employees. Prestige highlights Staffmark's contractual responsibilities under the TLA relating to assignment, management, supervision, and treatment of employees it assigned to Prestige, such as furnishing an on-site supervisor. (Doc. 3-1.) In short, Prestige argues that the acts and omissions described by Isaacs in the Complaint are attributable to Staffmark, not Prestige.[6]

The Court cannot turn a blind eye to the unequivocal language of the TLA under which the parties *expressly* agree to bear individual responsibility for "compliance with federal, state, and local anti-discrimination laws including, but not limited to, Title VII[.]" Without question, this language precludes any claim for indemnification based upon Isaacs's state and federal discrimination claims asserted in Counts 1 and 2 of the Complaint. (Doc. 31-1 at PageID 38.)

---

[6] The Court notes that Isaacs filed a Memorandum in Opposition to Staffmark's Motion to Dismiss (Doc. 9) and that Staffmark filed an untimely – and seeming duplicative – Reply on January 21, 2016. (Doc. 19; *and see* Doc. 13.) The Court agrees with Staffmark that Isaacs likely lacks standing to address Staffmark's contractual obligation to indemnify Prestige. (*See* Doc. 13.) Regardless, the Court is not persuaded by Isaacs's primary argument that Prestige may be indemnified for a negligent infliction of emotional distress claim in the employment context. (*See* Doc. 9 at PageID 79.) Although the Ohio Supreme Court recognized such a claim in the workplace setting in *Kerans v. Porter Paint Co.*, 61 Ohio St. 3d 486, 575 N.E.2d 428 (1991), courts have "uniformly limited the *Kerans* case to its facts." *Browning v. Ohio State Hwy. Patrol*, 151 Ohio App. 3d 798, 813, 786 N.E.2d 94, 105 (Ohio. App. 2003).

5

And, as the indemnification clause covers "negligent act[s] or omission[s]" by Staffmark, the *intentional* torts of defamation and intentional infliction of emotional distress, as pled in Counts 3 and 4 of the Complaint, are not covered by the indemnification clause either. (*Id.* at PageID 41.) Finally, to the extent Prestige is seeking indemnification of Isaacs's negligent infliction of emotional distress claim, the tort is not recognized in the employment context in Ohio. *See Tschantz v. Ferguson*, 97 Ohio App. 3d 693, 714, 647 N.E.2d 507, 521 (Ohio App. 1994) ("Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context."). Accordingly, Prestige's claim for indemnification will be dismissed.

Further, as Staffmark points out, the TLA provides no right to contribution. The Court also declines reading a right to contribution based upon the language of the parties' indemnification provision, as the legal concepts of indemnification and contribution are distinct. *See E.E.O.C. v. Blockbuster Inc.*, No. RWT 07cv2612, 2010 WL 290952, *2 (D. Md. Jan. 14, 2010) ("[I]ndemnification and contribution are not the same. Indemnification shifts the entire loss from one wrongdoer to another while contribution distributes losses among wrongdoers by requiring each to pay his proportionate share.")[7] Accordingly, Prestige's claim for contribution is properly dismissed as well.

---

[7] Prestige fails to rebut this argument. Moreover, the Court finds no basis for either a common law right to indemnification or contribution. *See* Ohio Rev. Code §2307.25(A) ("There is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established."); *Nw. Airlines, Inc. v. Transp. Workers Union of Am.*, AFL-CIO, 451 U.S. 77, 92 (1981) (no right to contribution under Title VII); *Anderson v. Local Union No. 3, Int'l Bhd. Of Elec. Workers, AFL-CIO*, 751 F.2d 546, (2d. Cir. 1984) (no right to contribution or indemnification under § 1981); *Gilmore v. List & Clark Const. Co.*, 866 F. Supp. 1310, 1312 (D. Kan. 1994) (no state common law right to contribution or indemnification of Title VII claims); *Roell v. Hamilton Cnty.*, No. 14-cv-637, 2015 U.S. Dist. LEXIS 73870, at *15–16 (S.D. Ohio June 8, 2015) (holding that since a defendant's claim for contribution against a third-party must be based on the plaintiff's underlying claim against the defendant, and where state law claims required proving the defendants acted with culpability greater than negligence, third-party could not be liable to defendants for contribution based upon alleged negligent conduct); *Tschantz*, 647 N.E.2d 507, 521 ("Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context.").

### B. Prestige's Motion for Leave to Amend

After responding in opposition to Staffmark's Motion to Dismiss, Prestige filed a Motion for Leave to File an Amended Third-Party Complaint, seeking to add a claim for breach of contract. (Doc. 11.) Prestige argues that its Motion for Leave should be granted because doing so would not cause undue delay or prejudice.

Under Rule 15(a), the Court "should freely give leave" to a party to file an amended complaint when "when justice so requires." Fed. R. Civ. P. 15(a). However, "[a] court is within its discretion to refuse amendment and dismiss the complaint if it 'concludes that the pleading as amended could not withstand a motion to dismiss.'" *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

Responding, Staffmark argues that Prestige's proposed breach of contract claim is a *de facto* claim for indemnification, and should fail because the indemnification claim fails. *See Miami Valley Fair Hous. Ctr., Inc. v. Campus Vill. Wright State, LLC*, No. 3:08cv00150, 2012 US Dist. LEXIS 137922 (S.D. Ohio Sept. 26, 2012) (finding state law claims of breach of contract and negligence failed as a matter of law, because they were *de facto* claims of indemnification or contribution under the Fair Housing Act, and there was no right to either indemnification or contribution under the statute); *Blockbuster*, *Inc.*, *supra*, 2010 WL 290952, at *4 (D. Md. Jan. 14, 2010) (denying leave to amend complaint where breach of contract claim was a *de facto* indemnification claim, and indemnification claim was barred by Title VII).

Prestige's proposed breach of contract claim alleges the Staffmark Defendants, through the negligent performance of their duties under the TLA, breached express and implied

7

contractual duties owed to Prestige, and, as a direct and proximate result, entitles Prestige to damages, including indemnification. (Doc. 11-1 at PageID 98.) As in *Blockbuster*, here the claim for breach of contract appears to be a claim for indemnification by another name. Prestige did not file a reply to Staffmark's response in opposition addressing this argument. Because the Court is persuaded that Prestige's breach of contract claim is a *de facto* indemnification claim, which, pursuant to the analysis above, cannot withstand a motion to dismiss, Prestige's Motion for Leave to Amend will be denied.

### C. Isaacs's Motion for Leave to Amend

Isaacs also seeks leave of Court to file an Amended Complaint. She argues that justice requires her motion to be granted, so she may correct defects of her original Complaint and add Staffmark, rather than Prestige, as the alleged employer of Carlos Doe, Edwin Doe, and Andrew Doe. Responding in opposition, Staffmark argues that Plaintiff's Motion should be denied as futile, because it would not be able to withstand a motion to dismiss. Staffmark argues that Isaacs's proposed claims in her proposed amended complaint are subject to binding arbitration pursuant to the terms of her Arbitration Agreement with Staffmark, which was executed upon commencement of her employment with Staffmark on August 5, 2013. (Doc. 16-1 at PageID134.) The Court notes that Isaacs did not file a reply responding to Staffmark's arguments.

Under the Federal Arbitration Act ("FAA"), an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law in in equity for the revocation of any contract." 9 U.S.C. § 2. In examining a contract, the Court has four tasks:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be

8

>nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Where claims are referred to arbitration, the FAA provides for a stay of the court proceedings "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In cases "where *all* of a party's claims are subject to arbitration, courts may properly dismiss the complaint." *Jones v. U-Haul Co. of Mass. and Ohio Inc.*, 16 F. Supp. 3d 922, 943 (S.D. Ohio 2014); *see Arnold v. Arnold Corp.,* 920 F.2d 1269, 1275 (6th Cir. 1990) (holding that it was not "error for the district court to dismiss the complaint" after ordering arbitration). Staffmark argues that Isaacs entered into an Arbitration Agreement with Staffmark, the scope of that Arbitration Agreement covers *all* of her claims in this litigation, and that because all claims are subject to arbitration, it would succeed on a motion to dismiss under the FAA.

There appears to be no dispute that Isaacs entered into an Arbitration Agreement with Staffmark, which requires her to arbitrate "covered claims."[8] Pursuant to paragraph 1 of the Arbitration Agreement, Isaacs and Staffmark agreed that all "'covered claims' that arise between [Isaacs] and Staffmark and/or its current or former employees, managers and agents" would be submitted to arbitration in lieu of filing a complaint in state or federal court. (Doc. 16-1 at PageID 134.) The parties agreed that "covered claims" are "any legal claims that [Isaacs] might bring against Staffmark…that arise out of or relate to [Isaacs's] employment with Staffmark[,]" including "workplace treatment (e.g., claims for harassment, discrimination, or retaliation)" and

---

[8] At the conclusion of the Arbitration Agreement, the document states, "The parties have read and understand this Agreement and agree to submit disputes arising out of the matters included in this Agreement to neutral arbitration[,]" and includes Plaintiff's name and last four digits of her social security number. (*Id.*) The form also includes the date and Plaintiff's initials following the statement, "By initialing the box below, I certify that I have read the above information, and I agree to the conditions of hiring." (*Id.*)

"termination of employment."[9] (*Id.*) The Arbitration Agreement designates "the Federal Arbitration Act" as controlling law. (*Id.*)

In *Jones,* 16 F. Supp. 3d at 942, the court found a plaintiff's claims against her employer to be covered by a broad arbitration provision, similar to the one between Staffmark and Isaacs. Pursuant to the parties' agreements in *Jones*, the plaintiff agreed to arbitrate certain disputes under a provision that stated:

> Examples of the type of disputes or claims covered by the [policy] include, but are not limited to, claims for wrongful termination of employment, breach of contract, fraud, employment discrimination, harassment or retaliation under the [ADA], the [ADEA], [Title VII], state fair employment and housing acts or any other state or local antidiscrimination laws, tort claims, wage or overtime claims or other claims under the Labor Code, or any other legal or equitable claims and causes of action.

*Id.* The plaintiff asserted state and federal claims of discrimination, as well as numerous common law claims, including intentional infliction of emotional distress and negligent retention. Following Sixth Circuit precedent that "[i]f the matter at issue can be construed as

---

[9] The Arbitration Agreement states:

1. **Agreement to Arbitrate**. You and Staffmark agree to use binding arbitration, instead of going to court, for any "covered claims" that arise between you and Staffmark and/or its current or former employees, managers and agents. "Covered claims" are any legal claims that you might bring against Staffmark or that Staffmark might bring against you that arise out of or relate to your employment with Staffmark, such as disputes concerning your recruitment, hire, pay, benefits, leaves of absence, accommodation for a disability, workplace treatment (e.g., claims for harassment, discrimination, or retaliation), or termination of employment. **You understand and agree that arbitration is the only forum for resolving covered claims, and that both you and Staffmark are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration**.

2. **Claims Not Covered by this Agreement**. This Agreement does not cover claims for workers' compensation or unemployment compensation benefits; claims for emergency injunctive relief; or claims that you cannot by law be required to arbitrate. It also does not limit your right to file or participate in a claim or charge filed with any government agency. Finally, under the National Labor Relations Act, you are not prevented from acting in cooperation with others to challenge this Agreement in any forum, and you will not be retaliated against if you act with others to challenge this Agreement.

(*Id.*) (emphasis in original).

10

within the scope of the arbitration agreement, it should be so construed unless the matter is expressly exempted from arbitration by the contract terms[,]" the court concluded that there was "no question" – and plaintiff did not dispute – that her claims expressly fell within the scope of the parties' agreement. *Id.* (citing *Simon v. Pfizer, Inc.*, 398 F.3d 765, 773 n.12 (6th Cir. 2005)). Further, the court found that claims against the defendants' employees also were subject to arbitration, because the language of the arbitration policy included language that arbitration would be the exclusive remedy for a dispute against any defendants, including "employees, officers, directors, or agents." *Id.* at 943.

Similarly, the scope of the Arbitration Agreement at hand here is very broad. The language covers claims arising from or relating to Isaacs's employment with Staffmark, including "workplace treatment" and "termination of employment," and outlines the examples of "harassment" and "discrimination," both of which are pled in Isaacs' proposed amended complaint. (Doc. 16-1 at PageID 134.) The language also covers claims against Staffmark's "current or former employees, managers and agents." (*Id.*) Following Sixth Circuit precedent under which doubts concerning the scope of arbitrable issues are resolved in favor of arbitration, the Court finds that all of the claims Isaacs proposes would be subject to arbitration. Where all claims of a dispute are subject to binding arbitration, the Court is within its discretion to dismiss the complaint under the FAA. *See id.* at 943–44. The Court is persuaded that Staffmark would be successful on a motion to dismiss Isaacs's proposed amended complaint, were leave to be granted. As such, it finds Isaacs's Motion for Leave futile, and the Motion will be denied.

**IV. CONCLUSION**

For the reasons addressed herein, Third-Party Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**. Defendant/Third-Party Plaintiff's Motion for Leave to File an Amended Third-Party Complaint (Doc. 11) and Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) are **DENIED**. The Court anticipates discussing how this case will proceed with the remaining parties in light of its ruling at the February 16, 2016 preliminary pretrial conference.

**IT IS SO ORDERED.**

_____s/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court